# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3816
kyost@jonesday.com

August 16, 2022

VIA ECF
The Honorable James L. Cott
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1360
New York, NY 10007

Re:   Adams v. Bloomberg L.P., No. 1:20-cv-07724-RA-JLC

Dear Magistrate Judge Cott:

We write on behalf of Defendant Bloomberg L.P. ("Bloomberg") to request leave to file a Reply Local Rule 56.1 Statement of Undisputed Material Facts (attached hereto as Exhibit A)[1] in order to respond to Plaintiff's Responses to Defendant Bloomberg L.P.'s Local Rule 56.1 Statement of Undisputed Material Facts (Dkt. 125) ("56.1 Responses"). This Reply is needed because Plaintiff's 56.1 Responses improperly attempt to manufacture fact disputes by characterizing Bloomberg's facts as being "controverted" and then failing to specifically controvert the facts, instead raising entirely new and unrelated facts, many of which are inaccurate, immaterial and/or inadmissible. This is not permitted under the local rules, and Bloomberg believes that its Reply will assist the Court in assessing whether any material facts are genuinely in dispute.

In a Local Rule 56.1 response, if a fact is disputed, the non-movant must "*specifically controvert*" the cited fact with "evidence which would be admissible." L.Civ.R. 56.1(b), (c), (d) (emphasis added). "[I]f necessary," the non-moving party may separately file a short statement of "additional material facts as to which it is contended that there exists a genuine issue to be tried." L.Civ.R. 56.1(b). It is plainly improper, however, to *introduce new material facts* in the Local Rule 56.1 responses. *See, e.g.*, *Del Villar v. Hyatt Hotel Corp.*, No. 19-CV-10891 (JMF), 2022 WL 2316205, at *2 (S.D.N.Y. June 28, 2022) (explaining that "[Non-movant] is not permitted to introduce new material facts in her responses, which she repeatedly attempts to do. Instead, 'if necessary,' a party opposing summary judgment may submit 'additional paragraphs

---

[1] Bloomberg has filed the proposed 56.1 with redactions consistent with the Court's sealing orders dated August 2, 2022 (Dkt. 129, 130) and July 1, 2022 (Dkt. 106, 107). Pursuant to Your Honor's Individual Practices, Rule II(G)(3)(c), Defendant is simultaneously emailing chambers a copy of the document highlighting the information that has been redacted in the ECF filing. As per the above orders, the parties will confer and file an updated comprehensive sealing request by August 23, 2022.

August 16, 2022
Page 2

containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.'") (citing L.Civ.R. 56.1(b)).

Indeed, these rules make sense because 56.1 statements were designed to "streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). If a non-movant were permitted to manufacture disputes by introducing other, unrelated facts within 56.1 responses – as Plaintiff has done here in a significant number of her responses – the Court would routinely have to comb through pages of off-point content to determine whether the fact at hand is genuinely in dispute. This is the opposite of the "streamline[d]" approach that led to the 56.1 requirement to begin with. *See id.*

To illustrate, here, in paragraph 36, where Bloomberg simply stated that "[d]uring the time period relevant to this case, Bloomberg implemented different time tracking methods in furtherance" of its policy of paying overtime, Plaintiff characterizes the fact as "controverted," but instead of actually controverting the fact, responds with mischaracterizations about her data scientist's inadmissible conclusions about Bloomberg's rounding policy.[2] In paragraph 46, in response to the mere fact that "Workday is a major provider of software solutions," Plaintiff again states that the fact is "controverted" but then responds with an array of irrelevant statements, including mischaracterized testimony about ways in which employees might have kept track of overtime they worked in a given week. Likewise, in paragraph 85, Plaintiff attempts to controvert a fact that she has attested to repeatedly[3]—her typical 7:00 a.m. to 4:00 p.m. shift—with mischaracterized testimony about what a "shift" is and whether some employees may work outside of their scheduled shifts.

Bloomberg's proposed 56.1 Reply points out the instances, like the examples above, in which Plaintiff fails to specifically controvert Bloomberg's facts and otherwise notes where the added facts are immaterial, inadmissible and/or inaccurate. We believe that this 56.1 Reply will aid the Court in streamlining its determination of whether there are any genuine disputes of material fact that would preclude the Court from granting Bloomberg's motion (which there are not). Accordingly, Bloomberg respectfully requests leave to file the Reply 56.1 attached hereto as Exhibit A. Should this request be met with Your Honor's approval, a "So Ordered" line is provided below for the Court's convenience.

---

[2] Plaintiff has repeatedly conceded this simple fact, including in her complaint where she alleges different timekeeping systems were used from 2014 through 2019. (*See, e.g.*, Second Amended Complaint, Dkt. 67 ¶ 44 (alleging that "Bloomberg changed its pay policy to pay Customer Support Representatives for their scheduled hours of work only"; Pl. Statement of Add'l Facts, Dkt. 126 ¶¶ 6, 9)).

[3] *See, e.g.*, Declaration of Sheena Adams, Dkt. 22 ¶ 12 ("Throughout my time as a CSR, I was scheduled to work eight-hour shifts (nine hours with a one-hour meal break during the workday) from 7:00am to 4:00pm, five days a week."); Adams Dep., Dkt. 111-1, at 54:12-14, 102:8-11, 158:2-159:5, 279:6-9.

August 16, 2022
Page 3

Respectfully submitted,

*/s/ Kristina A. Yost*

Kristina A. Yost

cc:   Artemio Guerra
      Attorney for Plaintiff

IT IS SO ORDERED.

DATED: _____       _____
                                        Hon. James L. Cott
                                        United States Magistrate Judge