```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/13/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHEENA ADAMS, *individually and on behalf*
*of all other similarly situated persons,*

          Plaintiff,

    -against-

BLOOMBERG L.P.,

          Defendant.
-----------------------------------------------------------------X

**ORDER**

20-CV-7724 (RA) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Sheena Adams, individually and on behalf of all others similarly situated, brings this action for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law against Bloomberg, L.P. ("Bloomberg"). Adams moved for conditional certification of an FLSA collective action on June 30, 2022. Dkt. No. 102.[1] Specifically, she requests an order from the Court:

1. Granting conditional certification of this collective action pursuant to Section 216(b) of all persons who were overtime-eligible Customer Support Representatives and all overtime-eligible employees subject to Bloomberg's rounding policies, who were employed by Bloomberg in the

---

[1] Adams previously moved for conditional certification on December 18, 2020. Dkt. No. 15. On January 29, 2021, Bloomberg filed its opposition to Adams' motion. Dkt. No. 28. By order dated February 19, 2021, at her request and with Bloomberg's consent, Adams was allowed to withdraw her motion without prejudice while the parties engaged in pre-certification discovery. Dkt. No. 35.

1

  United States within the three years preceding the filing of the original complaint;

2. Approving Adams' proposed notice plan and forms;

3. Directing Bloomberg to supply names, last known addresses, employee identification numbers, and email addresses for class members, and in the even notice is returned as undeliverable, telephone numbers, dates of birth, and the last four digits of social security numbers to assist with location efforts for those class members; and

4. Tolling the FLSA statute of limitations for potential opt-in plaintiffs as of the date the original complaint was filed, September 18, 2020.

Dkt. Nos. 102-03.  Bloomberg filed opposition papers on August 1, 2022.  Dkt. No. 131.  On August 16, 2022, Adams filed reply papers.  Dkt. No. 147.

  Earlier today, the Court issued a Report & Recommendation to Judge Abrams, recommending that Bloomberg's motion for summary judgment be granted, and that Adams' second amended complaint be dismissed with leave to amend to substitute the opt-in plaintiffs.  Dkt. No. 162.  In light of that recommendation, the Court hereby denies the motion for conditional certification and related relief requested without prejudice.[2]  The motion for conditional certification may be renewed at a later date if the case runs its course in a manner

---

[2] A motion to authorize a collective action is a non-dispositive motion upon which a magistrate judge has authority to rule.  *See, e.g., Harper v. Gov't Emps. Ins. Co.*, 826 F. Supp. 2d 454, 456 (E.D.N.Y. 2011) (collecting cases).

that would justify such relief.  *See, e.g., Eng. v. Ecolab, Inc.*, No. 06-CV-5672 (PAC), 2008 WL 878456, at *16 (S.D.N.Y. Mar. 31, 2008) (in light of granting summary judgment motion in wage-and-hour case, court did not address motion for conditional certification).  The Clerk is respectfully requested to mark Dkt. No. 102 as "denied without prejudice."

**SO ORDERED.**

Dated: February 13, 2023
      New York, New York

                                                                 JAMES L. COTT
                                                               United States Magistrate Judge