UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEENA ADAMS, *individually and on behalf of all other similarly situated persons*,<br><br>                              Plaintiff,<br><br>               v.<br><br>BLOOMBERG L.P.,<br><br>                              Defendant. | No. 20-cv-7724 (RA) (JLC)<br><br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

Plaintiff Sheena Adams brings this action against Bloomberg L.P. ("Bloomberg") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Four individuals—Anthony Provenzale, Rodrick Telford, Keerti Hariharan, and Amber Adam—have also opted in as plaintiffs. The Court referred this case to Magistrate Judge Cott for general pretrial management, conditional certification, and dispositive motions.

Plaintiff filed a First Amended Complaint on December 9, 2020, and a Second Amended Complaint on December 13, 2021. Plaintiff also sought leave to file a Third Amended Complaint on May 4, 2022. On June 30, 2022, Bloomberg moved for summary judgment as to Adams' claims in the Second Amended Complaint and filed a Rule 56.1 Statement of Material Facts. On August 1, 2022, Adams filed an opposition to Bloomberg's motion for summary judgment, responses to Bloomberg's Rule 56.1 Statement, and a Statement of Additional Facts. Bloomberg filed its reply brief on August 16, 2022, along with a letter-motion seeking leave to file a Reply Rule 56.1 Statement of Material Facts ("Reply 56.1 statement"). In its letter-motion, Bloomberg asserted that "[t]his Reply is needed because Plaintiff's 56.1 Responses improperly attempt to manufacture

fact disputes by characterizing Bloomberg's facts as being 'controverted' and then failing to specifically controvert the facts, instead raising entirely new and unrelated facts, many of which are inaccurate, immaterial and/or inadmissible." ECF No. 151.  Plaintiff never filed an opposition to this letter-motion.

On February 13, 2023, Judge Cott issued a report and recommendation (the "Report") recommending, in relevant part, that Bloomberg's letter-motion for leave to file a Reply 56.1 statement be granted.  *Adams v. Bloomberg, L.P.*, 2023 WL 1957681, at *4 n.12 (S.D.N.Y. Feb. 13, 2023).  In doing so, he reasoned:

> Local Rule 56.1 neither prohibits nor provides for a reply in further support of a 56.1 statement. . . .  While courts in this Circuit have described a Reply 56.1 Statement as 'procedurally improper,' the Court believes that an exception is warranted in these circumstances.  Bloomberg argues, and the Court agrees, that much of what Adams states is 'controverted' is not actually so and the Reply 56.1 Statement makes that clear.  Accordingly, the Reply 56.1 Statement should be allowed.

*Id.* (internal citations omitted).  Plaintiff timely objected to that recommendation.  For the reasons discussed below, the Court adopts the Report's recommendation and grants Bloomberg's request for leave to file a Reply 56.1 statement.

The Report also recommended that Bloomberg's motion for summary judgment as to Adams be granted, and Adams' motion for leave to amend the Second Amended Complaint be denied without prejudice to renewal by the opt-in plaintiffs.  Pursuant to the parties' requests and the Court's Order dated February 17, 2023, objections to those aspects of the Report will be filed, briefed, and resolved separately.

## DISCUSSION

As an initial matter, Bloomberg argues that this Court should review the Report's recommendation for clear error, because Adams did not object to Bloomberg's letter-motion when Bloomberg requested leave to file a Reply 56.1 statement—she only now objects to the Report's

recommendation granting such leave. The Court agrees. "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)). Thus, while proper objections to a magistrate judge's report and recommendation are reviewed de novo, *see* 28 U.S.C. § 636(b)(1), "[o]bjections that raise new arguments are . . . reviewed for clear error," *Baliga v. Link Motion, Inc.*, 2022 WL 16707361, at *5 (S.D.N.Y. Nov. 4, 2022); *see also Oritz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (collecting cases) ("While 28 U.S.C. § 636(b)(1) grants district courts discretion to consider additional *evidence* after a magistrate judge has issued her report, a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." (emphasis in original) (internal citation omitted)).

The Court finds no error, let alone clear error, with Judge Cott's recommendation to grant Bloomberg leave to file its Reply 56.1 statement. "'Local Civil Rule 56.1 does not provide for a "reply" in further support of a Rule 56.1 statement of undisputed facts,' but it also 'does not prohibit such replies.'" *Roth v. Cheesecake Factory Restaurants, Inc.*, 2021 WL 1103505, at *2 (S.D.N.Y. Feb. 5, 2021) (quoting *Capital Records, LLC v. Vimeo, LLC*, 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 7, 2018)). Accordingly, courts in this district have previously permitted reply 56.1 statements, including where, as here, the non-movant's Rule 56.1 responses appeared to raise new facts not responsive to the movant's original Rule 56.1 statement. *See adidas America, Inc. v. Thom Browne, Inc.*, 2022 WL 17736799, at *3 (S.D.N.Y. Dec. 16, 2022); *Skoczylas v. United States*, 906 F. Supp. 2d 161, 166 (E.D.N.Y. 2012); *Capital Records*, 2018 WL 4659475, at *1. The Court recognizes that other district courts have viewed reply 56.1 statements to be a

"procedurally improper attempt to have the last word," *G.S. v. Pleasantville Union Free Sch. Dist.*, 2020 WL 4586895, at *1 n.2 (S.D.N.Y. Aug. 10, 2020), but Adams points to no binding authority prohibiting the consideration of such replies.  In any event, even if reply 56.1 statements were contrary to the local rules, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001).  The Court agrees with Judge Cott that, under the circumstances here, granting Bloomberg leave to file a Reply 56.1 statement is consistent with "[t]he purpose of Local Rule 56.1 . . . to streamline the consideration of summary judgment motions." *Id.* at 74.

The Court thus adopts the Report's recommendation and grants Bloomberg leave to file its Reply 56.1 statement.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 151.

SO ORDERED.

Dated:     March 28, 2023  
          New York, New York  
                                        Ronnie Abrams  
                                        United States District Judge